I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL. POSTAGE PREPAID, TO ~~ALL COUNSEL~~ (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 5·29·12

DEPUTY CLERK

*Blank C.P. Civil rights packet also mailed.

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

MAY 29 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC ROBINSON, <br><br> Plaintiff, <br><br> vs. <br><br> LAPD, et al., <br><br> Defendants. | Case No. CV 12-0126-TJH (RNB) <br><br> ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

Plaintiff, a California prisoner currently incarcerated at the California Men's Colony State Prison in San Luis Obispo, filed a pro se civil rights action herein pursuant to 42 U.S.C. § 1983 on January 13, 2012, after being granted leave to proceed in forma pauperis. On January 30, 2012, plaintiff filed a document entitled "Civil Rights Complaint," which was considered by the Court as a supplement to his Complaint ("Complaint Supplement").

Plaintiff named ten individuals as defendants, including Craig Robinson ("Craig"), identified by plaintiff as his brother. The other defendants all appeared to be police officers with different police departments or members of the Los Angeles County Sheriff's Department. All defendants were named in their individual as well as their official capacities.

As best the Court could glean from the allegations of the Complaint, the

1

gravamen of plaintiff's claim(s) arose from plaintiff's arrest after plaintiff's brother called 911 to report that plaintiff had threatened Craig and his mother. Plaintiff appeared to indicate that his arrest resulted in his conviction pursuant to Cal. Penal Code § 422 for making a criminal threat. Plaintiff stated that he was sentenced to 13 years and 8 months in state prison. Plaintiff purported to be seeking compensatory and punitive damages.

In accordance with the terms of the "Prison Litigation Reform Act of 1995" ("PLRA"), the Court thereafter screened the Complaint prior to ordering service, for purposes of determining whether the action was frivolous or malicious; or failed to state a claim on which relief might be granted; or sought monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1). The Court also considered whether the allegations of the Complaint complied with Rule 8 of the Federal Rules of Civil Procedure.

After careful review and consideration of the allegations of the Complaint under the relevant standards, the Court found that its allegations failed to contain a short and plain statement of plaintiff's claims, did not give each defendant fair notice of what plaintiff's claims were or the grounds upon which they rested, and were insufficient to state any federal civil rights claim on which relief might be granted against any named defendant.

Accordingly, on March 29, 2012, the Court issued an Order dismissing the Complaint with leave to amend. If plaintiff still desired to pursue this action, he was ordered to file a First Amended Complaint within thirty (30) days remedying the deficiencies discussed in the dismissal order.

Following an extension of time, plaintiff filed a First Amended Complaint ("FAC") herein on May 21, 2012. Although it appears from plaintiff's allegations that the gravamen of his claims remains essentially the same, this time plaintiff only has named four defendants/groups of defendants in the section of the civil rights complaint form where the plaintiff is supposed to list the defendants. One of the four

named defendants appears to be a police officer; the others appear to be members of the Los Angeles County Sheriff's Department. All four defendants/groups of defendants are named in their individual as well as their official capacities. (See FAC at 3-4.) Although plaintiff's brother is not one of the four named defendants, plaintiff's allegations appear to include allegations and claims against his brother. (See FAC at first page 5, second page 5, and third page 5.) Moreover, the relief sought by plaintiff includes, in addition to compensatory damages and punitive damages, the arrest of plaintiff's brother. Plaintiff also purports to be seeking the firing of various law enforcement individuals, the retirement of the two judges involved with his criminal case, the expungement of his conviction, his placement in federal protective custody, and an FBI investigation. (See FAC at first page 6 and second page 6.)

In accordance with the terms of the PLRA, the Court now has screened the FAC prior to ordering service, for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

The Court's screening of the FAC under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether the FAC states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Further, since plaintiff is appearing pro se, the Court must construe the allegations of the FAC liberally and must afford plaintiff the benefit of any doubt. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard ...

applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)). Moreover, with respect to plaintiff's pleading burden, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations omitted, alteration in original); see also Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

The Court also has considered whether the allegations of the FAC comply with Rule 8 of the Federal Rules of Civil Procedure. Pursuant to Fed. R. Civ. P. 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Further, Rule 8(d)(1) provides: "Each allegation must be simple, concise, and direct." As the Supreme Court has held, Rule 8(a) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." See Twombly, 550 U.S. at 556. Although the Court must construe a pro se plaintiff's pleadings liberally, plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. See, e.g., Brazil v. United States Dep't of the

Navy, 66 F.3d 193, 199 (9th Cir. 1995); McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). If plaintiff fails to clearly and concisely set forth allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the complaint fails to comply with Rule 8. See, e.g., McHenry v. Renne, 84 F.3d 1172, 1177-79 (9th Cir. 1996); Nevijel v. Northcoast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981). Moreover, failure to comply with Rule 8(a) constitutes an independent basis for dismissal of a complaint that applies even if the claims in a complaint are not found to be wholly without merit. See McHenry, 84 F.3d at 1179; Nevijel, 651 F.2d at 673.

After careful review and consideration of the allegations of the FAC under the relevant standards, the Court finds, for the reasons discussed hereafter, that plaintiff's allegations still fail to contain a short and plain statement of plaintiff's claims, do not give each defendant fair notice of what plaintiff's claims are or the grounds upon which they rest, and are insufficient to state any federal civil rights claim on which relief may be granted against any named defendant.

## DISCUSSION

### A. Plaintiff's allegations again fail to comply with the pleading requirements of Federal Rule of Civil Procedure 8.

Like the Complaint, the FAC fails to set forth a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of the number of claims plaintiff is purporting to raise against each defendant, the factual basis for each claim, the legal basis for each claim, and which claims plaintiff is purporting to raise against which defendant. Like the Complaint, the FAC does not set forth separate claims, but rather purports to allege only one claim against all defendants.

Like the Complaint, the FAC consists of rambling, repetitious, confusing, and disjointed factual allegations. It appears to the Court that plaintiff may be describing facts that pertain to several potential civil rights claims arising from plaintiff's arrest

that occurred following a 911 call made by plaintiff's brother, the use of a Taser on plaintiff at the time of his arrest, a beating that may have occurred at some later time while plaintiff was detained, and events related to plaintiff's subsequent conviction. Accordingly, it appears to the Court that, although the FAC purports to raise one claim against all defendants, the events described in plaintiff's allegations took place at different times at different locations and involved different individuals.

Moreover, in his one claim as well as within his factual allegations, plaintiff again has referenced numerous legal theories. These theories include equal protection of the law, "false charges," false arrest, Fourth Amendment violations, excessive force, perjury, official misconduct in violation of 18 U.S.C. § 242, loss of his legal property, and violation of Cal. Penal Code § 211 by his brother. Plaintiff, however, again has failed to specify which claim under which legal theory he is purporting to raise against which defendant. Further, it again is altogether unclear to the Court the number of claims that plaintiff is purporting to raise. Construing plaintiff's allegations liberally and affording plaintiff the benefit of any doubt, the Court finds that, like the Complaint, the FAC altogether fails to allege sufficient "factual content that allows the [C]ourt to draw the reasonable inference that [each] defendant is liable for the misconduct alleged." See Iqbal, 129 S. Ct. at 1949.

The Court therefore finds that, like the Complaint, the FAC does not comply with Rule 8 because: (a) it does not contain a "short and plain statement" of plaintiff's claims showing that he is entitled to relief, and (b) its allegations are insufficient to meet plaintiff's threshold requirement of providing each defendant with notice of their own allegedly wrongful acts.

**B.    To the extent that plaintiff still appears to be challenging the validity of his conviction, his claim(s) cannot be maintained in a § 1983 action.**

Again plaintiff appears to alleging that he is being held illegally because his conviction was based on perjured testimony, and that he did not commit any crimes.

(See FAC at first page 5 and second page 5.) However, as the Court previously advised plaintiff, he may not raise such claims in a federal civil rights action. A petition for habeas corpus is a prisoner's sole judicial remedy when attacking "the validity of the fact or length of ... confinement." Preiser v. Rodriguez, 411 U.S. 475, 489-90, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); Young v. Kenny, 907 F.2d 874, 875 (9th Cir. 1990), cert. denied, 498 U.S. 1126 (1991). Accordingly, plaintiff may not use a civil rights action to challenge the validity of his incarceration or seek to overturn any criminal conviction. Such relief only is available in a habeas corpus action. See Wilkinson v. Dotson, 544 U.S. 74, 78, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005).

C. **To the extent that plaintiff's civil rights claims implicate the validity of his arrest and prosecution, they are barred by Heck v. Humphrey.**

As the Court previously advised plaintiff, under Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), if a judgment in favor of a plaintiff on a civil rights action necessarily will imply the invalidity of his or her conviction or sentence, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence already has been invalidated.

Thus, to the extent that plaintiff still appears to be alleging claims that implicate the validity of plaintiff's criminal conviction arising out of the incident resulting in his arrest (e.g., false arrest, false charges, a Fourth Amendment violation based on his warrantless arrest without probable cause, and perjury), and he still has not alleged that his conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, plaintiff's claims still are barred by Heck. See Guerrero v. Gates, 442 F.3d 697, 703 (9th Cir. 2006) (Heck barred plaintiff's civil rights claims alleging wrongful arrest, malicious prosecution and conspiracy among police officers to bring false

charges against him); Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998) (Heck barred plaintiff's civil rights claims for false arrest and false imprisonment until conviction was invalidated); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) (Heck barred plaintiff's civil rights claims alleging that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him).

**D. If plaintiff was convicted of resisting arrest, his Fourth Amendment excessive force claims against the arresting officers also may be barred by Heck.**

It again appears to the Court that plaintiff may be purporting to raise claim(s) pursuant to the Fourth Amendment for the excessive use of force during his arrest. But it also still appears to the Court that plaintiff may have been charged with "resisting arrest." (See FAC at first page 5.) As the Court previously advised plaintiff, if he was convicted on that charge, then any claim pursuant to § 1983 for the allegedly unlawful use of force in the course of his arrest would necessarily imply the invalidity of a conviction that resulted from such arrest. In Heck, the Supreme Court explained that a plaintiff's § 1983 claim alleging that an arrest violated his Fourth Amendment right to be free from unreasonable seizures would be barred if, "[i]n order to prevail in this § 1983 action, he would have to negate an element of the offense of which he has been convicted." Heck, 512 U.S. 477 at 486 n.6. Because an essential element of a conviction either for assault on a peace officer under Cal. Penal Code § 241(b), or for resisting a peace officer under Cal. Penal Code § 148, is that the officer was lawfully performing his duties, a plaintiff's allegation that he was subjected to excessive force during his arrest would, if proven, necessarily imply the invalidity of any such conviction. See Smith v. City of Hemet, 394 F.3d 689, 696 (9th Cir. 2005) (en banc) ("A conviction for resisting arrest under § 148(a)(1) may be lawfully obtained only if the officers do not use excessive force in the course of

making that arrest."); Franklin v. County of Riverside, 971 F. Supp. 1332, 1336 (C.D. Cal. 1997), aff'd without opinion, Franklin v. Smith, 161 F.3d 12 (9th Cir. 1998); Nuno v. County of San Bernardino, 58 F. Supp. 2d 1127, 1133 (C.D. Cal. 1999); Susag v. City of Lake Forest, 94 Cal. App. 4th 1401, 1410, 115 Cal. Rptr. 2d 269 (2002); People v. Olguin, 119 Cal. App. 3d 39, 44, 173 Cal. Rptr. 663 (1981) ("Since the officer must be acting in the performance of his duty, the use of excessive force renders it impossible for an arrestee to violate [Penal Code] § 148."). If, however, the alleged use of excessive force by any police officer occurred prior to, or subsequent to, the conduct upon which any conviction for resisting arrest was based, a Fourth Amendment claim for the excessive use of force during his arrest would not be barred. See Smith, 394 F.3d at 698.

Because plaintiff has failed to set forth a short and plain statement of the factual basis of any Fourth Amendment claim(s) against any defendant, the Court cannot discern whether any of plaintiff's alleged claim(s) for the excessive use of force during his arrest are not barred by Heck.

E. **Even if plaintiff rectifies the Rule 8 deficiencies, plaintiff's allegations still are insufficient to state a Fourth Amendment false arrest claim against any named defendant.**

The Fourth Amendment accords the right to protection from arrest without probable cause. See United States v. Watson, 423 U.S. 411, 417, 96 S. Ct. 820, 46 L. Ed. 2d 598 (1976). Consequently, an officer violates a person's constitutional rights when he arrests a person without probable cause. See, e.g., Barry v. Fowler, 902 F.2d 770, 772 (9th Cir. 1990); McKenzie v. Lamb, 738 F.2d 1005, 1007 (9th Cir. 1984). "Probable cause exists where the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." Dunaway v. New York,

442 U.S. 200, 208 n.9, 99 S. Ct. 2248, 60 L. Ed. 2d 824 (1979); see also Michigan v. DeFillippo, 443 U.S. 31, 37, 99 S. Ct. 2627, 61 L. Ed. 2d 343 (1979). "Probable cause is an objective standard and the officer's subjective intention in exercising his discretion to arrest is immaterial in judging whether his actions were reasonable." John v. City of El Monte, 515 F.3d 936, 940 (9th Cir. 2008); United States v. Lopez, 482 F.3d 1067, 1072 (9th Cir.), cert. denied, 552 U.S. 936 (2007). Additionally, the determination of whether probable cause existed is based only on the information known to the officers at the time of making an arrest. See Devenpeck v. Alford, 543 U.S. 146, 152, 125 S. Ct. 588, 160 L. Ed. 2d 537 (2004) ("Whether probable cause exists depends on the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest."); see also John, 515 F.3d at 942 ("the probable cause inquiry is an objective one: whether the information [the officer] had when he made the arrest could have led a reasonable officer to believe that John had committed an offense").

Here, accepting plaintiff's allegations as true, it appears that plaintiff's brother called 911 to report that plaintiff made criminal threats against Craig and their mother. (See FAC at second page 5.)[1] The fact that plaintiff ultimately was convicted of making criminal threats appears to be dispositive of any claim by plaintiff that the officers lacked probable cause to believe that plaintiff had committed a criminal offense.

//
//
//

---

[1] The Court notes that plaintiff omitted from the FAC the allegations from the Complaint to the effect that officers found a gun at the residence where plaintiff was arrested (see Complaint Attachment at page 4, 8), and that a witness saw plaintiff armed with a shot gun and holding his mother hostage (see Complaint Supplement at second page 6).

F. **Even if plaintiff rectifies the Rule 8 deficiencies, plaintiff's allegations still are insufficient to state a federal civil rights claim against Craig Robinson.**

As noted above, although plaintiff's brother is not one of the four named defendants, plaintiff's allegations appear to include allegations and claims against his brother.

As the Court previously advised plaintiff, in order to state a claim against a particular defendant for violation of his civil rights under § 1983, plaintiff must allege that the defendant deprived him of a right guaranteed under the Constitution or a federal statute, **while acting under color of state law**. Thus, "[t]he ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights fairly attributable to the [government]?" Rendell-Baker v. Kohn, 457 U.S. 830, 838, 102 S. Ct. 2764, 73 L. Ed. 2d 418 (1982); see also Huffman v. County of Los Angeles, 147 F.3d 1054, 1057 (9th Cir. 1998) (holding that a defendant must have acted "under color of law" to be held liable under § 1983), cert. denied, 526 U.S. 1038 (1999). Section 1983 "excludes from its reach merely private conduct, no matter how discriminatory or wrong." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999) (citations and internal quotations omitted).

Here, plaintiff alleges that Craig called 911 to falsely report that plaintiff had threatened his mother, that Craig later testified falsely at plaintiff's trial, and that Craig stole certain of his property. (See FAC at first page 5, second page 5, and third page.) Although plaintiff further appears to be alleging that, by prosecuting plaintiff for the allegedly false charges, the police, the District Attorneys, and the Judges "helped" Craig rob plaintiff, plaintiff has failed to set forth any factual allegations to support any inference that Craig engaged in any joint action with any police officer, District Attorney, or judge. Because Craig was not acting under color of state law, and his actions as alleged cannot be attributable to the government, plaintiff may not

bring a federal civil rights claim against Craig unless plaintiff sufficiently alleges that Craig conspired or acted jointly with state actors to deprive plaintiff of his constitutional rights. See United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540 (9th Cir. 1989) ("Private parties act under color of state law if they willfully participate in joint action with state officials to deprive others of constitutional rights.") (en banc). Moreover, the allegations in the FAC still are wholly insufficient to support any inference that Craig and any defendant acting under color of state law reached an "agreement or meeting of the minds to violate [plaintiff's] constitutional rights." United Steelworkers of Am., 865 F.2d at 1540-41 (internal quotation marks omitted); see also DeGrassi v. City of Glendora, 207 F.3d 636, 647 (9th Cir. 2000) ("a bare allegation" that a private person acted jointly with state officials is insufficient to state a claim under § 1983).

G. **Even if plaintiff rectifies the Rule 8 deficiencies, plaintiff's allegations still are insufficient to state a federal civil rights claim against any of the named police officer or sheriff's deputy defendants in their official capacities.**

As the Court previously advised plaintiff, the Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166.

Further, as the Court previously advised plaintiff, the Supreme Court has held that, in order to impose liability on a municipality or other local government pursuant to § 1983, plaintiffs "must prove that 'action pursuant to official municipal policy' caused their injury." Connick v. Thompson, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d

417, 426 (2011) (quoting <u>Monell v. New York City Dep't of Social Servs.</u>, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)). Local government entities are "not vicariously liable under § 1983 for their employees' actions." <u>See id.</u>; <u>see also</u> <u>Iqbal</u>, 129 S. Ct. at 1948 (holding that there is no respondeat superior liability under § 1983). Instead, it is only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." <u>Monell</u>, 436 U.S. at 694.

Here, plaintiff once again has altogether failed to identify any policy statements of the Los Angeles Police Department or of the Los Angeles County Sheriff's Department, or any regulations, or officially adopted or promulgated decisions of any such entity, the execution of which by the named defendants allegedly inflicted the injuries about which plaintiff is complaining.

Accordingly, the Court again finds that plaintiff's allegations against the named police officer and the named sheriff's deputy defendants in their official capacities are insufficient to state a claim because they do not rise "above the speculative level." <u>Twombly</u>, 550 U.S. at 555.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Although the Court now is extremely dubious that plaintiff will be able to cure the deficiencies of the FAC, the Court will afford plaintiff one last opportunity to attempt to do so. See <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that a <u>pro</u> <u>se</u> litigant must be given leave to amend his complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment).

Therefore, if plaintiff still desires to pursue this action, he is **ORDERED** to file a Second Amended Complaint within thirty (30) days of the date of this Order remedying the deficiencies discussed above.

If plaintiff chooses to file a Second Amended Complaint, it should bear the docket number assigned in this case; be labeled "Second Amended Complaint"; and be complete in and of itself without reference to the original Complaint or any other pleading, attachment or document.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize.

**Plaintiff is admonished that, if he fails to timely file a Second Amended Complaint, the Court will recommend that this action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.**

DATED: May 25, 2012

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

14